UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FREDERICK EUGENE THOMPSON,<br><br>　　　　　　　　　　Defendant. | Case No. 18-cr-03933-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 29)** |

Defendant Frederick Eugene Thompson has moved for compassionate release. (ECF No. 29.) The Government opposes (ECF No. 34), and Defendant replies (ECF No. 35). For the reasons stated below, the Court **DENIES** the motion.

**I.　Background**

In June 2015, Defendant was arrested importing 19.5 kilograms of methamphetamine into the United States. (Presentence Report ("PSR"), ¶¶ 31–35, ECF No. 18.) After pleading guilty, he was sentenced to 46 months in custody and was released on supervised release on October 31, 2017. (*Id*.)

Less than one year later, he was arrested again at the Port of Entry, this time with 28.5 kilograms of methamphetamine and 9 kilograms of heroin. (PR ¶¶ 3–4.) When he was detained at the border this time, he attempted to sprint south to Mexico but was

1  apprehended. (*Id*.) After arrest, he complained of chest pain, so he was transported to the
2  emergency room. After discharge, he was transported back to the Port of Entry. (PSR ¶ 6.)
3  He eventually pled guilty to importing methamphetamine and heroin and was sentenced to
4  the mandatory minimum sentence of 120 months in custody. (ECF No. 26.)

5        Defendant blamed both offenses on his alcoholism. However, while he was on
6  supervised release, he said he could not attend programs because he was in pain due to an
7  abdominal hernia. (PSR ¶¶ 31–35.) And he has declined participation in the Bureau of
8  Prisons ("BOP")'s Residential Drug Abuse Program ("RDAP") while he has been in
9  custody. (Government's Opp'n, Ex. 1, ECF No. 36.)

10        At the time the Presentence Report was drafted, Defendant told the Probation Officer
11  that "he suffers from high blood pressure, high cholesterol, acid reflux, and has an
12  umbilical hernia." (PSR ¶¶ 48–49.) He said "he may die in prison due to his age and health
13  issues. [He] commented that cancer is prevalent in his family and noted that he suffers
14  from acid reflux as did his father before he was diagnosed with esophageal cancer." (*Id*.)
15  Defendant also suffers from anxiety, panic attacks, and depression. (PSR ¶¶ 50–57.)

16        Defendant has now served a little over half of his 120-month sentence. He files this
17  motion for compassionate release because of his advanced age (64 years) and because he
18  "has a host of health problems related to heart issues that are not being addressed" by the
19  doctor at FCI Sheridan. In particular, he complains that he has not been allowed to see a
20  cardiologist and instead is seen by a general practitioner. (ECF No. 29.)

21        Defendant provides evidence that on November 11, 2023, he requested
22  compassionate release from the Warden at FCI Sheridan, where he is being housed. (Mot.,
23  Ex. A.) This request was denied. (*Id*.)

24  **II.   Analysis**
25      **A.   The Law**
26        Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a
27  defendant's motion to modify his or her term of imprisonment. A court may grant the
28  defendant's motion for a modification in sentence only if the motion was filed "after the

1  defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to
2  bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of
3  such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Since
4  Defendant demonstrates he has exhausted his administrative remedies, the Court proceeds
5  to analyze his claims.
6     If the exhaustion requirement is met, a court may modify or reduce the defendant's
7  term of imprisonment "after considering the factors set forth in [18 U.S.C.] section
8  3553(a)" if the court finds, as relevant here, that "extraordinary and compelling reasons
9  warrant such a reduction" and "such a reduction is consistent with applicable policy
10 statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
11    Such "[c]ompassionate release is rare and extraordinary, and courts routinely deny
12 such claims." *United States v. Mata*, No. 3:15-cr-44-JO-15, 2021 WL 851876, at *2 (D.
13 Or. Mar. 5, 2021); *United States v. Hayden*, No. 3:11-cr-393-JO, 2020 WL 4674108, at *2
14 (D. Or. Aug. 11, 2020). As the movant, the defendant bears the burden to establish that he
15 is eligible for compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 966
16 (D. Or. 2020).
17    Under the Sentencing Guidelines, "extraordinary and compelling reasons" include
18 the medical circumstances of the defendant. U.S.S.G. § 1B1.13 (effective Nov. 1, 2023).
19 Such circumstances exist if:
20    The defendant is—
21        (i)   suffering from a serious physical or medical condition,
22        (ii)  suffering from a serious functional or cognitive impairment, or
23        (iii) experiencing deteriorating physical or mental health because of the aging
24              process,
25    that substantially diminishes the ability of the defendant to provide selfcare within
26    the environment of a correctional facility and from which he or she is not expected
27    to recover.
28 *Id.* § 1B1.13(b)(1)(A).

Additionally, extraordinary and compelling reasons can exist if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided or without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *Mata*, 2021 WL 851876, at *2. In addition, unless the defendant can demonstrate that the failure to receive medical care would lead to a serious risk of deterioration in health or death, compassionate release is not justified. Compassionate release is not the appropriate vehicle to raise a concern about simple inadequate medical care without such a risk. *See United States v. Lopez-Buelna*, No. 2:09-cr-113-GMV-EJY-2, 2023 WL 2020064, at *2 (D. Nev. Feb. 15, 2023). "[T]he proper avenue for relief is the road the Supreme Court laid out in *Estelle v. Gamble*, 429 U.S. 97 (1976)." *Id.* (quotation omitted). A compassionate release motion "is not the proper vehicle to assert a medical neglect claim." *Id.* (quotation omitted).

**B.     Physical and Mental Conditions**

Defendant fails to demonstrate that his medical conditions rise to the level of extraordinary and compelling reasons justifying release. The medical records submitted by the Government in Exhibit 1 show that Defendant is receiving medication to control his cholesterol, for his blood pressure, and for his acid reflux. He also has received treatment from a dermatologist, a sleep apnea machine, and Ibuprofen for osteoarthritis in his shoulder and hand. He received full cardiac labs. His blood pressure and heart rate all appear to be normal. To the extent he argues that he is receiving inadequate medical care and needs to see a cardiologist, a compassionate release motion is not the appropriate method to seek this care. He fails to demonstrate that the failure to receive such care would result in a risk of serious deterioration in health or death. In fact, he points to no evidence in the record that his medical care is not being handled appropriately by a general practitioner, who he apparently sees regularly, and that a cardiologist is necessary for his issues. Nor is there any evidence in the record that Defendant is unable to provide self-care.

### C.   Section 3553(a) Factors

Even if the Court finds extraordinary and compelling reasons exist for Defendant's release, the Court may still deny the motion if it finds Defendant's history and characteristics, as well as substantial time remaining on his sentence, do not support relief. *See, e.g.*, *United States v. Helm*, No. 21-30003, 857 Fed. App'x 326 (9th Cir. Aug. 26, 2021) (unpublished); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

The Court is concerned that less than a year after Defendant was released on supervised release, he was arrested for the exact same conduct: importing methamphetamine into the United States. Furthermore, although he blamed this repeat conduct on his alcoholism, there is no evidence that he has or is willing to address his alcohol problem. Therefore, the Court finds that continued time in custody is necessary to adequately deter Defendant's future criminal conduct and to protect the public from further crimes by Defendant.

### III.   Conclusion

Defendant fails to demonstrate that extraordinary and compelling reasons justify his release from custody. Additionally, the Section 3553(a) factors do not support his request. Therefore, his Motion to Reduce His Sentence for Compassionate Release (ECF No. 29) is **DENIED**.

IT IS SO ORDERED.

**DATED: April 16, 2024**

Hon. Cynthia Bashant
United States District Judge